LODOVISKA M. BRISBANE, Respondent, v. ALBERT BRISBANE, Appellant.

*Power of a court of equity to strike out the defense of a party disobeying its orders — Code of Civil Procedure, sec. 1773 — effect of.*

The power possessed by a court of equity to strike out a defense, in an action brought therein, because of a refusal to obey its orders, was not taken away by section 1773 of the Code of Civil Procedure, but still exists.

*It seems,* that that section was intended to require that before punishment by fine or imprisonment could be inflicted, proof should be given showing that the amount required by the order to be paid could not be realized from sequestration or by a receiver of the property of the party in default. (BARNARD, P. J.)

APPEAL from two orders, made at Special Term, striking out the defendant's amended answer in this action because of a failure by him to pay a counsel fee and alimony as directed by orders duly made therein.

The action was brought by the plaintiff to procure an absolute divorce from her husband, the defendant, upon the ground of his adultery.

*Francis H. Van Vechten,* for the appellant.

*Brewster Kissam,* for the respondent.

BARNARD, P. J.:

The power to strike out a defense in an action in equity for refusal to obey orders of the court existed in the Court of Chancery, and now exists ( *Walker* v. *Walker*, 82 N. Y., 260), unless section 1773 of the Code has taken it away. That section does not purport to take it away, but only to provide a way by which a disobedient party may be fined or imprisoned for a contempt for refusing to obey orders for the payment of alimony. The real change intended seems to have been that before punishment, by fine or imprisonment, could be inflicted proof should be given that the amount required by the order could not be realized from sequestration or by a receiver of the property of the party. There does not appear to have been any design to destroy the old principle that courts of equity would, and could, lawfully refuse to hear a person who was in contempt for a violation of an order of the court. One who asks

equity must do equity. No right is taken away which may not at once be regained by the application of the defendant to the court for leave to pay the amount ordered to be paid, and thereupon to answer and contest upon the merits.

The order should be affirmed, with costs and disbursements as of one appeal.

DYKMAN and PRATT, JJ., concurred.

Order of June 17, 1884, affirmed; order of June 21, 1884, affirmed, costs as of one appeal.